1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          NORTHERN DISTRICT OF CALIFORNIA
10

11   MICHAEL PEREIRA,                    Case No. 24-cv-1772 NC
                    Plaintiff,
12                                        **ORDER GRANTING
13        v.                              DEFENDANTS' MOTION TO
                                          DISMISS COMPLAINT WITH
14   CITY OF SAN JOSE, and specified      LEAVE GRANTED TO FILE
     Police Officers,                     SECOND AMENDED COMPLAINT**
15                  Defendants.
16                                        Re: Dkt. 21
17

18          This case arises out of alleged excessive force used by San Jose Police Officers

19   when they arrested plaintiff Michael Pereira on March 23, 2022.  The operative Complaint

20   discussed in this Order is the First Amended Complaint filed by Pereira on June 12, 2024.

21   Dkt. 21.  The allegations repeated in this Order are set forth in the Complaint and are

22   assumed true for purposes of the present motion only.  If the case advances, the

23   Defendants later will have an opportunity to factually challenge the allegations and all

24   parties will be permitted to introduce evidence to support or rebut the allegations.

25          ***Factual Allegations in Pereira's Complaint***

26          In the Complaint, Pereira asserts that he is of slight build (120 pounds and 5'9" tall)

27   and walks with a cane. Dkt. 21 ¶ 28.  On March 23, 2022, he was in his vehicle outside a

28   McDonalds restaurant, sitting with his dogs and eating ice cream.  Dkt. 21 ¶ 10.  Pereira

United States District Court
Northern District of California

asserts multiple unmarked police vehicles collided with his parked car and officers threw multiple flash-bang grenades through his windows into his vehicle. Dkt. 21 ¶ 12. Pereira alleges that he was then shot multiple times with rubber bullets. Next, Pereira complied with officer commands to put his hands behind his back. Dkt. 21 ¶ 16. As he was standing with his hands behind his back, an officer approached Pereira and grabbed one of his wrists. Instead of grabbing the other one and attempting to put Pereira into handcuffs, the officer twisted his arm causing a sprain. Dkt. 21 ¶ 16. Pereira alleges that the officers accused Mr. Pereira of having murdered and buried his daughter. Dkt. 21 ¶ 17. They demanded to know where she was buried. "After Mr. Pereira answered these questions with his insistence that he did not know what the officers were talking about, the officer who had ahold of his wrist raised and twisted Mr. Pereira's arm to the point that it broke, and his elbow was dislocated." Dkt. 21 ¶ 18. The questioning continued. Then, Pereira felt the impact from another officer's fist. Pereira fell to the ground where officers continued to strike him. Dkt. 21 ¶ 19. "Once he was on the ground a K-9 police dog began to bite him. When the officers noticed that someone was recording the incident from in or around the McDonalds, the officers pulled him to one side so that a pillar blocked the view of the person who was recording the incident. Mr. Pereira believes that the dog was pulled off and then allowed to bite him again during his ordeal. He was not resisting, was face down on the ground, and had several police officers on top of him. The dog was also pulled while its teeth were in Mr. Pereira's flesh causing the wounds to be torn open." Dkt. 21 ¶ 20.

As to injuries, Pereira asserts that he suffered multiple serious injuries including, but not limited to, a broken and dislocated elbow, deep bruising from being shot by less lethal rounds from a firearm, and a fractured rib. He also suffered over a hundred puncture wounds from the K-9 dog being used by the SJPD officers during his arrest. He also suffered two "slicing type wounds" on his abdomen, that he asserts may have been caused by some type of edged weapon (like a knife) that may have been used against him during his apprehension. Pereira "also suffered and continues to suffer from fear, anxiety, and

2

United States District Court
Northern District of California

1    depression." Dkt. 21 ¶¶ 21-22.

2        Pereira's Complaint identifies the City of San Jose and San Jose Police Officers

3    Nicholas Bronte, Eric Chen, Anthony Baza, Theodore Davis, Benjamin Jenkins, Hans

4    Jorgenson, and Peter Szemeredi as defendants.  Dkt. 21 ¶ 6.  The Complaint states that the

5    Defendant Officers "were directly involved in the arrest of Plaintiff. Their exact actions

6    during this arrest have yet to be determined."  Dkt. 21 ¶ 6.  Pereira asserts that in

7    committing the alleged acts and omissions, the Defendant Officers acted under color of

8    law and within the course and scope of their employment with the City.  Dkt. 21 ¶ 6.

9        There are four "Claims for Relief" set forth in the Complaint.

10        In Count 1, Pereira claims that the City of San Jose and unspecified officers

11    violated 42 U.S.C. § 1983 and his Constitutional rights under the Fourth and Fourteenth

12    Amendment through the use of excessive force.

13        In Count 2, Pereira claims that unspecified officers violated 42 U.S.C. § 1983 by

14    failing to intervene.

15        In Count 3, Pereira claims that the City of San Jose is liable under 42 U.S.C. § 1983

16    for ratifying the acts of its officers.

17        In Count 4, Pereira claims that the City is liable under 42 U.S.C. § 1983 for its "use

18    of force review" customs and practice.

19        Pereira demands $5 million in compensatory damages, exemplary damages, and

20    attorney's fees.  Dkt. 21 "Prayer for Relief".

21    ***Defendants' Motion to Dismiss***

22        Now presented to the Court is the Defendants' motion to dismiss all claims in the

23    Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. 34.  Pereira

24    opposed.  Dkt. 37.  Defendants replied.  Dkt. 41.

25        The Court initially set the motion for hearing on October 30, 2024, but continued

26    the hearing after Pereira's only counsel withdrew from the case.  Dkt. 40.  Then the Court

27    held status hearings on December 4, 2024, December 19, 2024, January 22, 2025, and

28    March 12, 2025.  The Court repeatedly referred Pereira for assistance to the Court's self-

1    represented litigant help program.  No new attorney has appeared for Pereira.  Pereira did

2    not appear at the March 12, 2025, case management conference and hearing, but did leave

3    multiple voicemails for the courtroom deputy before and after the hearing indicating that

4    he needed help.

5        All parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C.

6    § 636(c).  Dkts. 9, 25, 26.

7        ### *Legal Standard on a Motion to Dismiss Under Rule 12(b)(6)*

8        The general rules of pleading in federal court are established by Federal Rule of Civil

9    Procedure 8(a).  A complaint must contain:

10   - "a short and plain statement of the grounds for the court's jurisdiction …"

11   - "a short and plain statement of the claim showing the pleader is entitled to relief;"

12   - and "a demand for the relief sought …"

13   Furthermore, Federal Rule of Civil Procedure 8(d)(1) requires that each allegation of

14   the pleading must be "simple, concise, and direct."

15       A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure

16   12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732

17   (9th Cir. 2001).  "To survive a motion to dismiss, a complaint must contain sufficient

18   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

19   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

20   544, 570 (2007)).  When reviewing a 12(b)(6) motion, a court "must accept as true all

21   factual allegations in the complaint and draw all reasonable inferences in favor of the non-

22   moving party."  *Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d

23   938, 945 (9th Cir. 2014).  A court, however, need not accept as true "allegations that are

24   merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re

25   Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  A claim is facially plausible

26   when it "allows the court to draw the reasonable inference that the defendant is liable for

27   the misconduct alleged."  *Id.*

28       If a court grants a motion to dismiss, leave to amend should be granted unless the

United States District Court
Northern District of California

4

pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). This is because under Federal Rule of Civil Procedure 15(a)(2), the Court should "freely give leave when justice so requires."

### Application of Rules 8 and 12(b)(6) to Pereira's Complaint

Finally, the Court applies the standards of Federal Rules of Civil Procedure 8 and 12(b)(6) to Pereira's Complaint. First, under Rule 8, Pereira has successfully stated a ground for the Court's jurisdiction (an alleged violation of his federal constitutional rights) and a demand for the relief sought (compensatory and exemplary damages and attorney's fees). Where the Complaint falls short is in stating "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To be sure, Pereira alleges serious injuries and alleges those injuries were caused by San Jose Police Officers acting under color of law and in the scope of their employment. But in order to state a plausible claim for legal relief against the City and its officers, the Complaint needs more facts.

As to the claims against Defendant Officers in Counts 1 and 2, the Complaint does not allege what any specific officer did or did not do. "An officer can be held liable for a constitutional violation only when there is a showing of 'integral participation' or 'personal involvement' in the unlawful conduct, as opposed to mere presence at the scene." *Bonivert v. City of Clarkston*, 883 F.3d 865, 879 (9th Cir. 2018). It is not enough lump all the defendants together. Each defendant's liability must be based on his or her own conduct.

Additionally, the Complaint provides insufficient details about the circumstances that brought the Defendant Officers to pursue and arrest Pereira, including the crime for which Pereira was being arrested. As the Supreme Court has held, "the severity of the crime at issue" is a key factor in the excessive force analysis. *Graham v. Connor*, 490 U.S. 386, 397 (1989). Indeed, there are some uses of force that might be justified where officers are confronting a suspect accused of a serious, violent crime, but not where the suspect is accused of a non-violent crime. *See, e.g., Tennessee v. Garner*, 471 U.S. 1, 11-12 (1985)

1    (If "there is probable cause to believe that [the suspect] has committed a crime involving

2    the infliction or threatened infliction of serious physical harm, deadly force may be used

3    if necessary to prevent escape, and if, where feasible, some warning has been given.").

4         As to the claims against the City in Counts 3 and 4, Pereira has two theories but

5    insufficient facts to state a plausible claim for relief under either theory.  As a general

6    proposition, a municipality is not automatically liable for the unconstitutional actions of its

7    employees.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

8         But there are several ways that a municipality can be found liable.  One way is under

9    a theory of ratification.  "Ratification" means that a municipality can be found liable for a

10   constitutional violation "if a final policymaker ratifies a subordinate's actions."  *Lytle v.*

11   *Carl*, 382 F.3d 978, 987 (9th Cir. 2004). The policymaker must have knowledge of the

12   constitutional violation and actually approve of it.  A mere failure to overrule a

13   subordinate's actions, without more, is insufficient to support a § 1983 claim. *Id.*; *see also*

14   *Gillette v. Delmore*, 979 F.2d 1342, 1347 (9th Cir. 1992) (Ratification requires an

15   authorized policymaker to make a "conscious, affirmative choice" to endorse a

16   subordinate's actions).  To show that ratification was a "moving force" behind the

17   constitutional deprivation, a plaintiff must demonstrate both causation in fact and

18   proximate causation.  *Arnold v. Int'l Bus. Machs. Corp.*, 637 F.2d 1350, 1355 (9th Cir.

19   1981); *Dougherty v. City of Covina*, 654 F.3d 892, 900-901 (9th Cir. 2011).  Here,

20   Pereira's Complaint alleges that a Lieutenant from the Police Department sent him a letter

21   on May 9, 2024, finding that the actions taken against him were "justified, lawful, and

22   proper."  Dkt. 21 ¶ 39.  But the Complaint does not plausibly allege that the Lieutenant

23   was a final policymaker.  Pereira does not sufficiently allege that the City has ratified the

24   actions of any individual defendant officer.

25        A second theory of vicarious liability is under a *Monell* theory where the plaintiff

26   establishes that the municipality is liable for a constitutional violation through "a policy,

27   custom, or practice" of the City that was the "moving force" behind the constitutional

28   violation.  *Monell*, 436 U.S. at 694.  "[L]iability for improper custom may not be

United States District Court
Northern District of California

6

predicated on isolated or sporadic incidents and … the custom must be so persistent and widespread that it constitutes a permanent and well settled city policy." *Hunter v. Cty. of Sacramento*, 652 F.3d 1225, 1233 (9th Cir. 2011) (quotation omitted). Here, Pereira's Complaint falls well short of specifying a City policy, custom, or practice that was the moving force behind the alleged constitutional violation against him. Labels and conclusions are insufficient to state a plausible legal claim. Pereira's claims against the City of San Jose are therefore dismissed.

### *The Court Grants Leave to Amend the Complaint*

As explained above, the Complaint does not presently state a plausible claim for legal relief against San Jose or its police officers, so the Court grants the motion to dismiss. This does not end the case. Leave to amend a complaint should be freely given in the interest of justice. Fed. R. Civ. P. 15(a)(2). Here, Pereira requested leave to amend (Dkt. 37), and Defendants do not oppose leave to amend. Dkt. 41. Additionally, Pereira is unrepresented and has been trying unsuccessfully to find an attorney to assist him. Under these circumstances, the Court finds amendment would not be futile and would be in the interest of justice. Pereira must file a Second Amended Complaint by April 16, 2025. The Second Amended Complaint may not add any additional parties or claims without stipulation of the defendants or further leave of Court. Pereira is reminded of the free legal assistance offered by the Federal Pro Se Program, telephone number 408.297.1480. Pereira is cautioned that if he does not file a timely Second Amended Complaint, the Court may close this case and enter Judgment against him without further notice.

### *Conclusion*

The Defendants' motion to dismiss is granted in its entirety with leave to amend. Plaintiff Pereira is granted leave to file a Second Amended Complaint by April 16, 2025.

**IT IS SO ORDERED.**

Dated: March 13, 2025

NATHANAEL M. COUSINS
United States Magistrate Judge