United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL R PEREIRA,
Plaintiff,
v.
CITY OF SAN JOSE, et al.,
Defendants.

Case No. 24-cv-01772-NC

**ORDER GRANTING MOTION FOR RELIEF FROM JUDGMENT**

Re: Dkt. No. 69

Self-represented plaintiff Michael R. Pereira seeks relief pursuant to Federal Rule of Civil Procedure 60(b) from the Court's April 21, 2025 judgment in favor of defendants the City of San Jose and San Jose Police Officers Nicholas Bronte, Eric Chen, Anthony Baza, Theodore Davis, Benjamin Jenkins, Hans Jorgenson, and Peter Szemeredi. Dkt. No. 69; *see also* Dkt. No. 50 (Judgment). Mr. Pereira argues that such relief is warranted because he was involuntarily institutionalized by the state of California "[d]uring the critical period of this litigation" and could not properly litigate his case. Dkt. No. 69 at 2–3.

For the reasons set forth below, Mr. Pereira's motion is granted.

## I. BACKGROUND

This action arises from an incident on March 23, 2022, in which officers of the San Jose Police Department allegedly used excessive force against Mr. Pereira during an arrest, including allowing him to be bitten multiple times by a K9 police dog. *See* Dkt. No. 21

(First Amended Complaint). Mr. Pereira brought this case initially on March 22, 2024 and subsequently filed an amended complaint on June 12, 2024. Dkt. Nos. 1, 21. At the time, Mr. Pereira was represented by counsel. However, on September 12, 2024, counsel for Mr. Pereira filed a motion to withdraw, citing a breakdown of the attorney-client relationship. Dkt. No. 31. Before the Court ruled on the motion to withdraw, on September 20, 2024, defendants filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) ("12(b)(6) motion"). Dkt. No. 34. Through his counsel at the time, Mr. Pereira did not oppose the motion to dismiss but requested leave to amend. Dkt. No. 37. On October 23, 2024, the Court granted the motion to withdraw and ordered Mr. Pereira, or his new counsel, to appear at the scheduled December 4, 2024 hearing for defendants' 12(b)(6) motion. Dkt. No. 40.

Mr. Pereira did not appear at the hearing and defendants made a separate oral motion to dismiss for failure to prosecute under Federal Rule of Civil Procedure 41(b) ("41(b) motion"). Dkt. No. 42. The Court set a further hearing on this motion for December 19, 2024. Dkt. No. 43. Mr. Pereira did appear at this hearing as well as for a subsequent case management conference on January 22, 2025. Dkt. Nos. 44–45. The Court subsequently reset defendants' 12(b)(6) motion for hearing on March 12, 2025. Dkt. No. 46. Mr. Pereira again failed to appear at this hearing and defendants renewed their 41(b) motion. Dkt. No. 47. On March 13, 2025, the Court granted defendants' 12(b)(6) motion and gave Mr. Pereira leave to amend his complaint by April 16, 2025. Dkt. No. 48. Mr. Pereira failed to file an amended complaint by this date.

On April 21, 2025, the Court therefore entered judgment in favor of defendants. Dkt. No. 50. Mr. Pereira then filed a series of letters seeking the Court's help. Dkt. Nos. 51–59. The Court responded that it could not provide the relief sought by the letters as the case was closed "due to Mr. Pereira's failure to file a second amended complaint or indicate in any way to the Court that he intended to pursue his case." Dkt. No. 60. On June 20, 2025, Mr. Pereira filed an appeal with the Ninth Circuit. Dkt. No. 61. On September 11, 2025, the Ninth Circuit dismissed Mr. Pereira's appeal for failure to file a

timely opening brief or to pay the filing fee. Dkt. No. 65. On November 2, 2025, Mr. Pereira filed an application to proceed *in forma pauperis*—without payment of the filing fee—in this Court which the Court denied as untimely. Dkt. Nos. 66, 67.

On August 24, 2026, Mr. Pereira filed this motion for relief from the judgment. Dkt. No. 69. Defendants have opposed this motion. Dkt. No. 71. Mr. Pereira replied. Dkt. No. 72. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for decision without oral argument.

## II. LEGAL STANDARD

Mr. Pereira seeks relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). Under this provision, a court may "relieve a party . . . from a final judgment, order, or proceeding for . . . (6) any other reason that justifies relief." "To receive relief under Rule 60(b)(6), a party must demonstrate 'extraordinary circumstances which prevented or rendered him unable to prosecute [his case].'" *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (quoting *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Apr. 24, 2002)) (alteration in original). "The party must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." *Heinnickel v. Network Cap. Funding Corp.*, No. 25-cv-00174-PCP, 2026 WL 370184, at *2 (N.D. Cal. Feb. 10, 2026) (citation omitted).

Any motion under Rule 60(b)(6) must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Heinnickel*, 2026 WL 370184, at *3 (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981)).

## III. DISCUSSION

Mr. Pereira argues that relief should be granted because he "has been continuously institutionalized and managed by state health systems" which are "textbook extraordinary

circumstances that . . . legally and physically incapacitated Plaintiff, warranting full equitable tolling of all deadlines." Dkt. No. 69 at 2–3. In support of this argument, Mr. Pereira provides documentation that, on November 1, 2024, he was found by a state court to be incompetent to stand trial and that on May 15, 2025, he was committed by the state court pursuant to California Penal Code § 1370. Dkt. No. 72, Ex. A. The state court also found on May 15, 2025 that Mr. Pereira did not "have the capacity to consent to treatment with antipsychotic medication and order[ed] the involuntary administration of antipsychotic medication." *Id.* Mr. Pereira asserts that, pursuant to this order, he was held first at Napa State Hospital and then later sent to the Elmwood facility of the Santa Clara County Jail. Dkt. No. 72 at 2–3. In July of 2026, he was transferred to transitional housing. *Id.* Mr. Pereira alleges that before his arrival in transitional housing, his ability to communicate with the Court was limited and his mental capacity was reduced by the antipsychotic medication. *Id.*

Defendants contend that the procedural history of this case indicates that "while in custody, Mr. Pereira was able to communicate repeatedly with the Court, seek legal assistance, request records and motions, and pursue appellate relief." Dkt. No. 71 at 4. Defendants assert that this demonstrates that Mr. Pereira was not facing extraordinary circumstances outside his control that were preventing him from litigating. *Id.*

The Court agrees that there are inconsistencies and unanswered questions in the evidence presented by Mr. Pereira. First, it is still not clear why Mr. Pereira was unable to timely file the second amended complaint on April 16, 2025 if he was not committed until May of 2025. The Court notes that Mr. Pereira was able to attend hearings in this matter on December 19, 2024 and January 22, 2025—after the time that he appears to have been first deemed not competent to stand trial. Second, as defendants point out, Mr. Pereira submitted numerous letters to the Court after his May 15th commitment and, to an extent, appeared able to follow the progression of his case, filing an appeal with the Ninth Circuit when the Court denied the requests in his letters.

Despite these inconsistencies and in view of Mr. Pereira's self-represented status, the

Court finds that the interests of justice are best served by granting Mr. Pereira's motion and reopening the case. The evidence presented by Mr. Pereira demonstrates that beginning in May of 2025, Mr. Pereira was in custody and involuntarily being administered antipsychotic drugs that reduced his mental capacity and impeded his ability to litigate his case. Such circumstances can be defined as extraordinary and beyond Mr. Pereira's control. *See Walker v. Krol*, No. 15-cv-05819-HSG, 2024 WL 4197607, at *14 n.12 (N.D. Cal. Sept. 12, 2024), *appeal dismissed*, No. 24-6661, 2026 WL 1195928 (9th Cir. Apr. 22, 2026) ("Involuntary anti-psychotic medication orders in effect from November 2016 to July 2020, Plaintiff's complete cessation of litigation activity while fully medicated, and Plaintiff's complaints about his mental state at his depositions arguably indicate that Plaintiff was unable to pursue litigation while fully medicated.").[1] And while the Court received communications from Mr. Pereira during this time, the nature of these communications does not rebut Mr. Pereira's affirmations that he "lacked the cognitive capacity to prosecute a federal lawsuit." Dkt. No. 72 at 3.

Furthermore, because the judgment in this matter resulted from Mr. Pereira's failure to comply with Court deadlines or indicate his intent to pursue his case, it is much more akin to a default judgment than a judgment resulting from a full and fair opportunity to litigate on the merits. *Lal*, 610 F.3d at 525. ("A dismissal for failure to prosecute under Rule 41(b) is much more like a default judgment than a Rule 68 judgment."). Such judgments are generally disfavored. *Tani*, 282 F.3d at 1170 ("[J]udgment by default is an extreme measure and a case should, 'whenever possible, be decided on the merits.'") (citation omitted). In addition, Mr. Pereira's case involves issues that are of significant import to the public, namely serious alleged violations of his civil rights. *See Hernandez v.*

[1] In *Walker*, the court distinguished the time that the plaintiff was fully medicated and unable to function and the time that the plaintiff was only partially medicated and had regained some function. 2024 WL 4197607 at *14. It is not clear if Mr. Pereira also experienced a tapering of medication that restored some of his faculties. For the purposes of this motion, the Court will accept as true Mr. Pereira's sworn representation that the antipsychotic medications were being administered the whole time in doses that continued to impact his cognitive abilities. *See* Dkt. No. 72 at 3.

*City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir.1987)) (public policy favoring resolution on the merits "is particularly important in civil rights cases"). The Court finds that such policy considerations weigh in favor of granting Mr. Pereira's motion.

**IV. CONCLUSION**

Accordingly, Mr. Pereira's motion for relief from judgment is granted and the case is reopened. Mr. Pereira shall file an amended complaint **no later than November 20, 2026.** Mr. Pereira is cautioned that failure to meet this deadline may result in this case being dismissed once more and judgment entered. Mr. Pereira is further reminded that he must keep his mailing address current with the Court.

The Court further sets an **in-person** case management conference for **December 16, 2026 at 10:00 a.m.** in Courtroom 5, 280 South First Street, San Jose. The parties shall file a joint case management statement **no later than December 9, 2026.**

The Court also reminds Mr. Pereira that he may seek assistance from the Federal Pro Se Program at the San Jose Courthouse which provides free information and limited-scope legal advice. The Federal Pro Se Program is available by phone appointment at (408) 297-1480. There are also online resources available on the Court's webpage, including the Pro Se Handbook found at: https://cand.uscourts.gov/representing-yourself/pro-se-handbook/.

**IT IS SO ORDERED.**

Dated: October 21, 2026

NATHANAEL M. COUSINS
Chief United States Magistrate Judge

United States District Court
Northern District of California